# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TARIQ TAHARAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:06-3801 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b)(1) [Docs. # 20, # 21] ("Motion") filed November 23, 2009. The Commissioner filed its response [Doc. # 22] in opposition. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff's Motion should be **denied**.

In this case, Final Judgment was entered on February 29, 2008, reversing the case and remanding for further proceedings at the administrative level. *See* Doc. # 13. Plaintiff's counsel received an award of stipulated Equal Justice Act Award ("EAJA") fees in the amount of $5,476.88 for 34.50 hours of work on this case, plus $350.00 in court costs. *See* Doc. # 18. On October 4, 2008, upon remand, the Commissioner

issued a favorable decision to Plaintiff, awarding past-due Social Security disability insurance benefits and withholding from that award $10,431.50 for attorney's fees. *See* Doc. # 20-2, Exhibit C. Plaintiff's counsel, pursuant to 42 U.S.C. § 406(b), now requests an award of $4,954.62 in attorney's fees, which represents the difference between the Social Security Administration's withheld fees ($10,431.50) and the EAJA fees already awarded ($5,476.88).

In response to Plaintiff's Motion, the Commissioner argues that the Plaintiff's fee request is untimely because it was filed more than fourteen days after entry of final judgment. Plaintiff has not filed a reply, and the time to do so has expired.

The Fifth Circuit has held that Rule 54(d)(2) applies to a motion for attorney's fees under Section 406(b). *See Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006). Rule 54(d) provides that, "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees "must be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i).

The case law is somewhat ambiguous as to how Rule 54(d) should be applied in the context of a remanded Social Security case. As noted by the district court in *Pierce*, a motion for attorney's fees is "premature" if filed immediately after the order of remand, because it is not yet known whether the plaintiff will prevail on remand. *Pierce*, 440 F.3d at 664. The Fifth Circuit in *Pierce* noted that Rule 54(d)'s language

permits extension of a deadline by "order of the court," and held that, in some circumstances, a motion for attorney's fees is timely when filed after the Commissioner, upon remand, grants benefits to the plaintiff. *Id*; *see Nguyen v. Astrue*, 2008 WL 7679915 (S. D. Tex. April 14, 2008) (Ellison, J.).

Final Judgment in this case was entered on February 29, 2008, remanding the case to the Commissioner. Upon remand, the Commissioner granted benefits to Plaintiff in an opinion dated October 4, 2008. Plaintiff did not move for attorney's fees under Section 406(b) until November 23, 2009. Even if Rule 54(d)'s fourteen day period were to commence upon the Commissioner's grant of benefits, Plaintiff's motion is more than one year late. Plaintiff's motion therefore is untimely and counsel offers no explanation for the tardiness. It is accordingly

**ORDERED** that Plaintiff s Motion for Attorney's Fees [Doc. # 20], brought pursuant to 42 U.S.C. § 406(b), is **DENIED**.

SIGNED at Houston, Texas, this 16th day of **May, 2011**.

_____
Nancy F. Atlas
United States District Judge